CASE 14—PETITION ORDINARY—OCTOBER 24.

## Louisville & Nashville R. R. Co. v. Miles.

APPEAL FROM MARION CIRCUIT COURT.

1. RAILROADS—RIGHT TO ADOPT AND ENFORCE TRAIN REGULATIONS. A railroad company has the right to make reasonable rules and regulations for the conduct of its business, and the right to designate on its schedule at what stations particular trains will stop to receive and discharge passengers.
2. DUTY OF PASSENGERS.—It is the duty of the holder of a ticket, or one who desires to become a passenger on a train, to ascertain before boarding it that it stops at the station to which he desires to go.

W. J. LISLE FOR APPELLANT.

1. A party taking a train should inform himself beforehand whether the train he is about to take stops at the station called for in his ticket. 2 Wood on Railway's, p. 1415; Ballard v. Railroad, 15 Ky. Law Rep., 703; Logan v. Hannibal R., 12 A. & E. R.. R. cases, 141; O. & M. R. Co. v. Swarthout, 67 Ind., 567, and 33 Amer. Rep., 106; Railroad v. Hatton, 60 Ind., 12.

Louisville & Nashville R. R. Co. v. Miles.

THOMPSON & McCORD AND H. W. BRUCE OF COUNSEL ON SAME SIDE.

LAFE S. PENCE FOR APPELLEE.

1. The instructions given in this case have been often approved by this court. ` Railroad v. Wilkinson, 15 Ky. L. R., 92; Railroad v. Ballard, 88 Ky., 159.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT:

The plaintiff seeks to recover damages because, as he avers, that on the 27th day of July, 1893, he purchased of defendant's agent at Chicago, Ky., a round-trip ticket to Lebanon, Ky.; that on that day he went to Lebanon on the defendant's regular passenger train; that defendant agreed to carry him back on the night of that day on its freight train; that the freight train was nine hours behind; that after it arrived plaintiff was informed that a passenger coach would be attached and the train backed to the station; that without doing so the train departed, leaving plaintiff at the station; that the employes negligently and purposely left him at the station and that he sat up the remainder of the night "to his physical discomfort and annoyance;" that on the following morning he got on a regular passenger train which passed Chicago; that the defendant's employes refused to stop the train at Chicago and told him he would have to leave the train at a station called Loretto, about 2½ miles from Chicago. He got off at Loretto and walked to the station called for by his ticket.

The defendant answered that its employes did not purposely depart without the plaintiff on the night in question, but provided a coach for passengers going to Chicago; that the train was so heavy that it could not

be backed, owing to the grade, so as to bring the passenger coach to the station, but the passengers were ordered to get aboard of the coach where it stood; that several of the passengers did, and the employes supposed all had done so before the train pulled out.

There is a conflict in the evidence as to whether the conductor announced he would back the train to the station, and as to whether he told those waiting for the train to get aboard the coach where it was.

It appears from the uncontradicted evidence in this case that the train on which the plaintiff got aboard the morning following the departure of the freight train was the express train on the road, and was not scheduled to stop at Chicago. While the plaintiff testified that he had known it to stop at that place as much as twice during the preceding year, yet he also testified that it did not stop there regularly.

The plaintiff claims that he got aboard the train without showing his ticket to any of those connected with the train, while the employes of the road claim that all persons holding tickets for Chicago were told the train would not stop there, and those holding such tickets agreed to get off at Loretto.  It is immaterial which claim is true.

Railroads have the right to make reasonable rules and regulations for the conduct of their business. It has the right to place a train upon its road and designate on a schedule the stations where it will stop to receive and discharge passengers.  It is the duty of a holder of a ticket or one who desires to become a passenger on a

train, to ascertain before boarding it that it stops at the station to which he desires to go.

If it be within the power of a passenger by getting aboard of a train to compel it to stop at any station he may designate, then the authority of the company to make reasonable rules for the conduct of its business and the running of its train is destroyed; the traveling public would be seriously interrupted; a railroad could no longer calculate upon its trains making certain connection with trains on other roads, and the hazard of operating them would be increased.    To give the power to an individual to thus board a train and have it stop at any station would serve the convenience of such one, but while his convenience was served may be the convenience of many others on board the train would be seriously interfered with.

The traveling public, as well as the railroad, is greatly interested in preserving the right to the railroad to make reasonable rules for operating trains on the road

Instruction B given told the jury that if the plaintiff was permitted to get aboard of the train on the morning of the 28th of July, and that defendant failed to carry him further than Loretto, and required him to get off at that place, then the jury should find for plaintiff damages, etc.

It appears from the record that the plaintiff was not entitled to have the train stop at Chicago.    It was the business of the plaintiff to know the train would stop at Chicago (he did know that it did not regularly stop there) before boarding the train, and having failed to do

so the defendant incurred no liability because he was not carried to Chicago on that train.

As the facts appear in this record, if there is a recovery the damages are compensatory, not punitive.

The judgment is reversed, with directions that further proceedings conform to this opinion.